UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JASON MARCEL DAVIS, | No. 2:19-cv-1409-TLN-EFB P |
| Plaintiff, | |
| v. | ORDER |
| GAVIN NEWSOM, et al., | |
| Defendants. | |

Plaintiff, a state prisoner proceeding without counsel in this action brought pursuant to 42 U.S.C. § 1983, seeks leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915. ECF Nos. 2, 4.

<u>Application to Proceed In Forma Pauperis</u>

Plaintiff's application makes the showing required by 28 U.S.C. § 1915(a)(1) and (2). Accordingly, by separate order, the court directs the agency having custody of plaintiff to collect and forward the appropriate monthly payments for the filing fee as set forth in 28 U.S.C. § 1915(b)(1) and (2).

<u>Screening</u>

I. <u>Legal Standards</u>

Federal courts must engage in a preliminary screening of cases in which prisoners seek redress from a governmental entity or officer or employee of a governmental entity. 28 U.S.C.

1

§ 1915A(a). The court must identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint "is frivolous, malicious, or fails to state a claim upon which relief may be granted," or "seeks monetary relief from a defendant who is immune from such relief." *Id.* § 1915A(b).

A pro se plaintiff, like other litigants, must satisfy the pleading requirements of Rule 8(a) of the Federal Rules of Civil Procedure. Rule 8(a)(2) "requires a complaint to include a short and plain statement of the claim showing that the pleader is entitled to relief, in order to give the defendant fair notice of what the claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 554, 562-563 (2007) (citing *Conley v. Gibson*, 355 U.S. 41 (1957)). While the complaint must comply with the "short and plaint statement" requirements of Rule 8, its allegations must also include the specificity required by *Twombly* and *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009).

To avoid dismissal for failure to state a claim a complaint must contain more than "naked assertions," "labels and conclusions" or "a formulaic recitation of the elements of a cause of action." *Twombly*, 550 U.S. at 555-57. In other words, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements do not suffice." *Iqbal*, 556 U.S. at 678.

Furthermore, a claim upon which the court can grant relief must have facial plausibility. *Twombly*, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. When considering whether a complaint states a claim upon which relief can be granted, the court must accept the allegations as true, *Erickson v. Pardus*, 551 U.S. 89 (2007), and construe the complaint in the light most favorable to the plaintiff, *see Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974).

II.     Screening Order

Construed liberally and for the limited purposes of screening under § 1915A, plaintiff has stated a potentially cognizable claim against defendant Fields (a correctional officer employed at California State Prison, Sacramento) for depriving him of his First Amendment right to exercise his Islamic faith.

Plaintiff has not stated cognizable claims against the remaining defendants.

Plaintiff names Governor Gavin Newsom as a defendant but includes no allegations against him in the complaint. The court therefore cannot discern any basis for serving the complaint on Newsom.[1]

Plaintiff's claim against defendants Lynch and Fields also fails. Plaintiff alleges that, after his transfer to CSP-Sacramento from Deuel Vocational Institute in May 2019, he was never issued his personal property and that Correctional Officer Fields and Warden Lynch were somehow responsible for this and thereby violated his Fifth Amendment rights.[2] It is not clear how Lynch and Fields bear responsibility for plaintiff's property. Plaintiff alleges only that (1) he asked Fields about his property and Fields told him that "when it gets here you will get it"; (2) Lynch *granted* a grievance plaintiff submitted about his missing property; and (3) he asked Fields again about his property and got "a negative response, 'Good luck on getting your property.'" ECF No. 1 at 4. These facts do not show the personal involvement of either defendant in the deprivation of plaintiff's property. Under § 1983, a plaintiff must allege facts showing the personal involvement of each defendant in a violation of plaintiff's federal rights. *Ashcroft v. Iqbal*, 556 U.S. 662, 677 (2009).

More importantly, and more problematic for plaintiff's attempted claim, a complaint alleging negligent or intentional deprivation of a prisoner's property fails to state a claim under § 1983 if the state provides an adequate post-deprivation remedy, which California law provides.

---

[1] There is no respondeat superior liability under § 1983. *Palmer v. Sanderson*, 9 F.3d 1433, 1437-38 (9th Cir. 1993). Thus, if plaintiff has included Newsom in the suit on a theory that he is somehow liable for the conduct of subordinate state officials, the court informs plaintiff that such a claim is not viable. Plaintiff must plead that each defendant, through his own actions, has violated plaintiff's rights. A supervisor may be liable for the conduct of his subordinates if the supervisor participated in or directed the violations, or knew of the violations and failed to act to prevent them. *Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989).

[2] Plaintiff frames this claim as a violation of his right not to have his "private property . . . taken without compensation." ECF No. 1 at 4. However, the complaint contains no facts from which it could be inferred that his belongings were taken for public use. *See* U.S. CONST., amend. V ("nor shall private property be taken for public use, without just compensation."). It appears that plaintiff is attempting to assert another Fifth Amendment claim – for the deprivation of his property without due process of law.

*Barnett v. Centoni*, 31 F.3d 813, 816-17 (9th Cir. 1994).[3]

And, finally, the property claim appears to be totally unrelated to plaintiff's religious exercise claim (with the possible exception of plaintiff's religious property discussed in footnote 2). In asserting two unrelated claims against different defendants, plaintiff has violated Federal Rule of Civil Procedure 20(a)(2). Under that rule, multiple defendants may be joined in a single action only where a claim asserted against the defendants arose "out of the same transactions or occurrences" and "any question of law or fact common to all defendants will arise in the action." *See also George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007) ("[u]nrelated claims against different defendants belong in different suits"). Simply put, "Claim A against Defendant 1 should not be joined with unrelated Claim B against Defendant 2." *Id*. "Unrelated claims against different defendants belong in different suits[.]" *Id*.

Lastly, plaintiff alleges that he is being discriminated against and deprived of due process by Correctional Counselor II Hontz, because Hontz was a member of an Institutional Classification Committee that placed plaintiff in a "pipeline unit" while "fellow inmates equally or worse situated than" plaintiff received more favorable housing assignments. ECF No. 1 at 5. This claim is unrelated to plaintiff's free exercise claim (and the property claim as well). If plaintiff wishes to pursue it, he must do so in another action.

<u>Leave to Amend</u>

Plaintiff may file an amended complaint to attempt to cure the deficiencies noted above. Any amended complaint must identify as a defendant only persons who personally participated in a substantial way in depriving him of a federal constitutional right. *Johnson v. Duffy*, 588 F.2d 740, 743 (9th Cir. 1978) (a person subjects another to the deprivation of a constitutional right if

/////

---

[3] Plaintiff includes in his list of personal property "contact info. for my family, letters, pictures, canteen purchased property, personal books, religious books and material." ECF No. 1 at 4. Plaintiff does not allege that the deprivation of his religious materials violates his First Amendment rights. *See id.* Even if he did so allege, however, the claim would fail, because the complaint does not describe the religious books and materials or include facts showing that the deprivation of these materials substantially burdens plaintiff's engaging in conduct he sincerely believes to be consistent with his faith. *See Shakur v. Schriro*, 514 F.3d 878 (9th Cir. 2008).

4

he does an act, participates in another's act or omits to perform an act he is legally required to do that causes the alleged deprivation). Plaintiff is not obligated to file an amended complaint.

Plaintiff may not change the nature of this suit by alleging new, unrelated claims in the amended complaint. *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007).

Any amended complaint must be written or typed so that it so that it is complete in itself without reference to any earlier filed complaint. E.D. Cal. L.R. 220. This is because an amended complaint supersedes any earlier filed complaint, and once an amended complaint is filed, the earlier filed complaint no longer serves any function in the case. *See Forsyth v. Humana*, 114 F.3d 1467, 1474 (9th Cir. 1997) (the "'amended complaint supersedes the original, the latter being treated thereafter as non-existent.'") (quoting *Loux v. Rhay*, 375 F.2d 55, 57 (9th Cir. 1967)).

The court cautions plaintiff that failure to comply with the Federal Rules of Civil Procedure, this court's Local Rules, or any court order may result in this action being dismissed. *See* Local Rule 110.

## Conclusion

Accordingly, it is ORDERED that:

1. Plaintiff's request to proceed in forma pauperis (ECF No. 2) is granted.

2. Plaintiff shall pay the statutory filing fee of $350. All payments shall be collected in accordance with the notice to the California Department of Corrections and Rehabilitation filed concurrently herewith.

3. Plaintiff's complaint alleges, for screening purposes, a viable First Amendment claim against defendant Fields.

4. All other claims are dismissed with leave to amend within 30 days of service of this order. Plaintiff is not obligated to amend his complaint.

5. Within thirty days plaintiff shall return the notice below advising the court whether he elects to proceed with the cognizable claim or file an amended complaint. If the former option is selected and returned, the court will enter an order directing service at that time.

/////

5

6. Failure to comply with any part of this this order may result in dismissal of this action.

DATED: December 16, 2019.

　　　　　　　　　　　　　　　　　　　　　　　　/s/ Edmund F. Brennan
　　　　　　　　　　　　　　　　　　　　　　　　EDMUND F. BRENNAN
　　　　　　　　　　　　　　　　　　　　　　　　UNITED STATES MAGISTRATE JUDGE

UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JASON MARCEL DAVIS,<br><br>    Plaintiff,<br><br>  v.<br><br>GAVIN NEWSOM, *et al.*<br><br>    Defendants. | No. 2:19-cv-01409-EFB<br><br><br>NOTICE |

In accordance with the court's Screening Order, plaintiff hereby elects to:

(1) _____ proceed only with the First Amendment claim against defendant Fields.

OR

(2) _____ delay serving any defendant and files an amended complaint.

                                                                                                    _____

                                                                                                                Plaintiff

Dated: